## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| MARK W. DOBRONSKI, | |
| Plaintiff, | |
| v. | **Case No.:** |
| JOHN C. HEATH, ATTORNEY AT LAW, PC d/b/a LEXINGTON LAW FIRM, *et al.*, | *Removed from the District Court for the 18th Judicial District, Michigan Case No. 19-81142* |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that Defendants John C. Heath, Attorney at Law, PLLC dba Lexington Law Firm ("Lexington") and John Clifford Heath ("Mr. Heath") (collectively, "Defendants"), by and through undersigned counsel, hereby remove Case No. 19-81142 in the District Court for the 18th Judicial District, Michigan (the "Civil Action") to the United States District Court for the Eastern District of Michigan, Southern Division. Removal of the Civil Action to this Court is proper for the following reasons:

1.     On or about November 7, 2019, Plaintiff Mark W. Dobronski ("Plaintiff") filed his Complaint in the Civil Action. Copies of all process, pleadings and orders served on Defendants in the Civil Action are attached to this Notice of Removal as **Exhibit A**.

2.     The Summons and Complaint in the Civil Action were served on Defendants on or about November 27, 2019.  Therefore, this Notice of Removal is filed within the time prescribed by 28 U.S.C. § 1446(b)(1).

3.     Lexington and Mr. Heath are the only Defendants in this case; thus, all Defendants to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 have joined in or consented to removal of the Civil Action.

4.     Plaintiff's Complaint involves claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227.  (*See* Compl. ¶¶ 50, 53.)  Thus, the Civil Action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which is removable by Defendants under the provisions of 28 U.S.C. § 1441 in that the matter arises under this Court's original jurisdiction and is founded on a claim or right arising under the Constitution, treaties or laws of the United States and is removable without regard to citizenship of the parties under 28 U.S.C. § 1441.

5.     No proceedings have occurred in the Civil Action as of the date of this Notice of Removal.  Defendants have not filed a response to the Complaint. Defendants hereby reserve any and all rights to assert any and all defenses and/or objections to the Complaint.  Defendants further reserve the right to amend or supplement this Notice of Removal.

6.     Venue for this case lies in the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1441(a),

because the Civil Action was filed within this District and Division and the case is being removed from Wayne County, Michigan.

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served this day upon Plaintiff and filed with the Clerk of the District Court for the 18th Judicial District, Michigan.  A copy of the notice to the state court clerk, without exhibits, is attached hereto as **Exhibit B**.

For the reasons stated above, this Civil Action is properly removed to this District Court.

Dated:  December 23, 2019                      _/s/ Joshua L. Zeman_
                                               Joshua L. Zeman
                                               PEPPER HAMILTON LLP
                                               4000 Town Center, Suite 1800
                                               Southfield, Michigan 48075-1505
                                               Telephone:  (248) 359-7309
                                               Facsimile:  (313) 731-1571

                                               _Counsel for Defendants_

## **CERTIFICATION AND CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of December, 2019, the foregoing was

served by U.S. mail and electronic mail on the following:

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone:  (734) 641-2300
Email:  MarkDobronski@yahoo.com
*Pro Se Plaintiff*

/s/ Joshua L. Zeman
Joshua L. Zeman
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075-1505
Telephone:  (248) 359-7309
Facsimile:  (313) 731-1571
E-Mail:  zemanj@pepperlaw.com

*Counsel for Defendants*

EXHIBIT A

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | | |
|---|---|---|---|
| 18th | JUDICIAL DISTRICT | SUMMONS | CASE NO. |
| | JUDICIAL CIRCUIT | | 19-81142 -GC |
| | COUNTY PROBATE | | |

**Court address**
36675 FORD ROAD    WESTLAND, MICHIGAN 48185-2210

Court telephone no.
(734) 595-8720

| Plaintiff's name(s), address(es), and telephone no(s).<br>MARK W. DOBRONSKI    Tel: (734) 641-2300<br>PO BOX 85547<br>WESTLAND, MICHIGAN 48185-0547 | v | Defendant's name(s), address(es), and telephone no(s).<br>JOHN C. HEATH, ATTORNEY AT LAW PC<br>d/b/a LEXINGTON LAW FIRM<br>360 CUTLER DR<br>NORTH SALT LAKE, UT 84054-2955  Tel: (855) 403-5315<br>-and-<br>JOHN CLIFFORD HEATH<br>4861 W FISH HOOK RD<br>SOUTH JORDAN, UT  84009-4778 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>PRO SE | | '19 NOV  7 AM 10:20 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.    | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were **served by mail** or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>NOV 0 7 2019 | Expiration date*<br>FEB 0 6 2020 | Court clerk<br>*Jennifer McMillan* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (9/19)  SUMMONS

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

<div align="center">

STATE OF MICHIGAN
IN THE DISTRICT COURT FOR THE 18TH JUDICIAL DISTRICT

</div>

MARK W. DOBRONSKI, an individual,       Case No.  **19-81142**    -GC

        Plaintiff,

v.

**JOHN C. HEATH, ATTORNEY AT
LAW PC** , a Utah professional corporation,
d/b/a **LEXINGTON LAW FIRM**;
   and,
**JOHN CLIFFORD HEATH**, an individual;         '19 NOV  7 am 10:20

        Defendants.

---

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 641-2300
Email: MarkDobronski@yahoo.com
Plaintiff *Pro Se*

---

<div align="center">

### COMPLAINT

</div>

    NOW COMES the Plaintiff, Mark W. Dobronski, appearing *in propria persona*, and for his complaint against Defendants alleges:

<div align="center">

Parties

</div>

    1.  This matter arises under the Telephone Consumer Protection Act of 1991 (hereinafter "TCPA"), 47 U.S.C. § 227, *et seq.*

    2.  Plaintiff, Mark W. Dobronski ("Plaintiff"), is an individual, a citizen of the United States of America, of the age of majority, resides in Lima Township, Washtenaw County, Michigan, and has a place of business in the City of Westland, Wayne County, Michigan.

    3.  Upon information and belief, defendant JOHN C. HEATH, ATTORNEY AT LAW PC ("JCHLAW"), is a professional corporation organized and existing under the laws of the State of

Utah, does business under the trade name LEXINGTON LAW FIRM, and has a registered office located in North Salt Lake, Davis County, Utah.

4. Upon information and belief, defendant JOHN CLIFFORD HEATH ("Heath"), is an individual, is of the age of majority, is mentally competent, is not in the military service, resides in South Jordan, Salt Lake County, Utah, purports to be the owner of defendant JCHLAW, and orchestrated, directed, and participated in the tortious and/or illegal conduct complained of herein.

<div align="center">Jurisdiction and Venue</div>

5. This Court has jurisdiction over the subject matter of this complaint and venue is proper in this Court, pursuant to 47 U.S.C. § 227(c)(5) and M.C.L. § 600.1629(1)(b)(I) as the tortious or illegal conduct complained of occurred in this judicial district.

<div align="center">General Allegations</div>

6. In response to widespread public outrage over intrusive telemarketing calls to homes and businesses, the United States Congress acted to prevent entities, like Defendant, from invading American citizen's privacy and to prevent abusive "robo-calls" by enacting the TCPA.

7. According to the Federal Communications Commission ("FCC"), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo-calls."

8. Congress explicitly found that robo-calling is an invasion of privacy.

9. In regard to such telephone solicitations, Senator Hollings of South Carolina, the primary sponsor of the bill, explained, "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall... these computerized telephone calls threaten our personal safety... These machines are out of control, and their use is

growing by 30 percent every year.  It is telephone terrorism, and it has got to stop...."  See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd. 17459 at note 90 (2002), quoting 137 Cong. Rec. 30,821-30,822 (Nov. 7, 1991).

10.  The TCPA, at 47 U.S.C. § 227(b), promulgates in relevant part as follows:

"Restrictions on use of automated telephone equipment

(1) Prohibitions It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – ...

(iii)   to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . . . ."

11.  Pursuant to authority delegated to it under the TCPA at 47 U.S.C. § 227(b)(2), the FCC has adopted regulations to implement and carry out the TCPA.

12.  The TCPA regulations, at 47 C.F.R. § 64.1200(a), promulgate in relevant part:

"No person or entity may:

(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; ...

(iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.  . . .

(2) initiate, or cause to be initiated, any telephone call that includes

numbers, as set forth at 47 C.F.R. § 64.1200(e), which states:

> "The rules set forth in paragraph © and (d) in this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers...."

16.   Additionally, the TCPA, at 47 U.S.C. § 227(c)(5), as it relates to telephone numbers appearing of the do-not-call list, provides for a private right of action, as follows:

> "Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

17.   Plaintiff's cellular telephone number ends in 9211.

18.   Plaintiff's cellular telephone number is listed on the National Do Not Call Register maintained by the U.S. Federal Trade Commission pursuant to 16 C.F.R. Part 310 and has been so listed continuously since at least 2004 and at all times relevant hereto.

19.   At no time relevant hereto has Plaintiff or any other authorized person provided prior

or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(I) through (iii) of this section, other than a call made with the ***prior express written consent*** of the called party . . . ." [Emphasis added.]

13. The TCPA, at 47 U.S.C. § 227(b)(3), provides for a private right of action, as follows:

"PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this ***subsection or the regulations prescribed under this subsection*** to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages ***for each such violation***, whichever is greater, or

© both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." [Emphasis added.]

14. Pursuant to Congressional mandate set forth at 47 U.S.C. § 227(c)(1), the FCC adopted regulations establishing a national "do not call" database and prohibiting any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database, which regulations are set forth at 47 C.F.R. § 64.1200©, and promulgate in relevant part:

"No person or entity shall initiate any telephone solicitation to: ...

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. ...."

15. The "do not call" proscriptions also are applicable to cellular or wireless telephone

- 4 -

express written consent to Defendants to initiate any telephone calls to Plaintiff's telephone line.

20. The FCC has concluded that a consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*. 27 FCC Rcd. 1830, 1844 ¶ 33 (2012).

21. Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by an common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that of the person.

22. Courts are legally bound to give great deference to the FCC's interpretations of the TCPA and its own regulations.

23. The FCC has clarified that sellers may be held vicariously liable for violations of the TCPA by third-party telemarketers that initiate calls to market the seller's products or services.

24. When considering individual corporate officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See. e.g.. Jackson Five Star Catering. Inc. v. Beason,* No. 10-10010, 2013 U.S. Dist. LEXIS 155985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute."); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D.Md. 2011) ("If an individual acting on behalf of a corporation could

avoid individual liability, the TCPA would lose much of its force.").

25. It is well settled under Michigan law that corporate employees and officials are personally liable for all tortious and criminal acts in which they participate, regardless of whether they are acting on their own behalf or on behalf of a corporation. A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent for the corporation and not on his own behalf.

26. Defendants are engaged in targeting consumers who are financially struggling by offering "credit repair" services.

27. In exchange for the promised debt relief, the Defendants charge illegal up-front fees of hundreds, sometimes thousands, of dollars. Consumers who already cannot afford their loan payments thereby lose substantial sums of money to Defendants, who have generated substantial revenues from their unlawful scheme.

28. A focal point of Defendants' scheme is to contract with third-party telemarketers using automatic telephone dialing systems and recorded voice messages to "blast" out millions of telephone calls attempting to locate and snare vulnerable and unsuspecting victims and to then refer these victims to Defendants for "debt relief" services.

29. Heath has personal control of the marketing activities of the defendant JCHLAW and its third-party telemarketers, including the ability to cease the telemarketing activity.

30. Heath was actively and personally involved in the conduct giving rise to this claim, including formulating, directing, implementing and ratifying the telemarketing scheme.

31. Heath profited from the illegal telemarketing activities in which Defendants were engaged.

32. For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff

- 7 -

suffered the injury of invasion of privacy and intrusion on Plaintiff's right of seclusion.

33.   For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff suffered the injury of the occupation of the telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls, including emergency calls, when the telephone line was seized by Defendants's calls.

34.   For each and every call alleged herein initiated to Plaintiff's telephone line, Defendant caused an injury in the form of a nuisance and annoyance to the Plaintiff.   For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them.   Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.   This also impaired the usefulness of these features on Plaintiff's telephone, which features are designed to inform the user of important missed communications.

35.   Each and every call placed without consent by Defendants alleged herein to Plaintiff's telephone line resulted in the injury of a trespass to Plaintiff's chattel, namely Plaintiff's telephone line and its telephone services.

36.   As a result of the telephone calls described herein, Plaintiff suffered an invasion of privacy.

37.   For purposes of the TCPA, the FCC has defined "willfully or knowingly" to mean that the violator knew that he was doing the act in question, in this case, initiating a telephone solicitation, irrespective of any intent to violate the law.   A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.

38.   Defendants' conduct herein is clearly "willful or knowing" as defendants JCHLAW and Heath have been previously sued for violations of the TCPA on numerous occasions in Federal courts and state courts.

39. On September 10, 2019, the United States District Court for the Southern District of Florida issued a Report and Recommendation approving a settlement of a class action against the same party defendants arising from similar violations of the TCPA. The settlement calls for a payout of $11.5 Million. In addition, as part of the settlement, it is stipulated that the defendants "will institute policies and procedures to ensure it complies with the TCPA, including, but not limited to, policies and procedures to ensure that Lexington obtains adequate and proper consent from individuals before placing calls or text messages to those individuals using an automatic telephone dialing system." *Pena, et al. v. John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm*, Case No. 18-cv-24407-UU (D.C. S.Fl.)(September 10, 2019). The ink has barely dried on that settlement, and Defendants are already again (or never ceased) engaging in the same illegal conduct.

40. On May 2, 2019, the United States Consumer Financial Protection Bureau (USCFPB), filed a formal complaint in the United States District Court for the District of Utah against defendant JCHLAW. Charges filed allege the business is in violation of Federal law prohibiting deceptive acts and practices in violation of sections 1031 and 1036 of the Consumer Financial Protection Act of 2010 (CFPA), and deceptive and abusive telemarketing acts or practices in violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 et seq., and its implementing rule, the Telemarketing Sales Rule (TSR), 16 C.F.R. §§ 310.3 and 310.4. *Bureau of Consumer Financial Protection v. John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm, et al.*, Case No. 2:19-cv-00298-BSJ (D.C. Utah).

41. The USCFPB further alleges that defendant JCHLAW also violated the law in another way: Federal law forbids requesting or receiving payment upfront for certain telemarketed credit repair services: if a company offers services represented to remove derogatory information from, or improve, a person's credit history, credit record, or credit rating, fees can only be collected after a

certain time period has elapsed and it has been demonstrated that the promised results have been achieved. As alleged below, Defendants charged consumers when they signed up for the service and on a monthly basis thereafter, without waiting the prescribed period of time and demonstrating that the promised results were achieved, in violation of the federal ban on this type of upfront fee.

<u>Allegations Common to this Complaint</u>

<u>Call #1</u>

42. On November 6, 2019 at 2:40 P.M., Defendants or Defendants' third-party telemarketers initiated a telephone call to Plaintiff's cellular telephone.

43. The caller identification number displayed was 602-610-8624.

44. Upon answering the telephone, Plaintiff had to say "hello" several times, heard a "boink" or water drop sound, and then a live telemarketer came onto the line and introduced herself as "Ella with Rent-to-Own Home". Ella then began a dialogue inquiring if Plaintiff owned or rented his home and whether Plaintiff wanted to buy a home. Ella then inquired regarding how large a home Plaintiff wanted, the number of bedrooms, the number of bathrooms, and how much Plaintiff felt that his monthly rent payment should be. Ella further inquired whether Plaintiff was behind on his bills and then informed Plaintiff that he "needed to do credit repair" and stated that she was going to connect Plaintiff to a representative of Lexington Law "repair" Plaintiff's credit. During this portion of the call, Plaintiff was able to elicit information that the telemarketer was allegedly located in Hollywood, Florida.

45. Plaintiff was transferred to a another telemarketer. There was a brief dialogue between the two telemarketers where the first telemarketer provided an "ID number" to the second telemarketer. The second telemarketer then identified herself as "Michelle, a credit counselor with Lexington Law." Michelle also disclosed that she was located in Oklahoma City, Oklahoma, but that

the headquarters for Lexington Law was located in Salt Lake City, Utah. After some dialogue, and Plaintiff having expressed outrage over having receiving the unsolicited telemarketing call on his cellular telephone, Plaintiff was then transferred to a female who identified herself as "Lindy Streight." When Plaintiff expressed his outrage to Streight, Streight repeatedly stated that "we did not call you." When Plaintiff pointed out to Streight that Defendants' obviously used a third-party telemarketer to initiate the call, Streight feigned that she had no idea how the calls were routed to them. Eventually, Streight agreed to place Plaintiff on Defendants' "do-not-call" list and assured Plaintiff that Plaintiff would not receive any more telephone solicitations from Defendants. The telephone conversation ended at approximately 3:10 P.M.

<u>Call #2</u>

46. Less than one hour later, on November 6, 2019, at 3:59 P.M., Defendants or Defendants' third-party telemarketer initiated a telephone call to Plaintiff's cellular telephone.

47. The caller identification number displayed was 602-610-8624.

48. Upon answering the telephone, Plaintiff had to say "hello" several times, heard a "boink" or water drop sound, and then the same live telemarketer that Plaintiff had spoken to barely an hour earlier - Ella from Rent-to-Own Home - came onto the line again. Plaintiff expressed his outrage at being telephoned again especially after Plaintiff had been assured less than an hour earlier that his telephone number was being placed on Defendants' do-not-call list and the Plaintiff would not receive telemarketing calls from Lexington Law ever again. During this conversation, Ella admitted that she was not located in the United States of America but "could not disclose" what country she was located in.

## COUNT I
## VIOLATION OF THE TCPA - ROBOCALL

49.  Plaintiff incorporates the allegations of paragraphs 1 through 48, *supra.*

50.  Each of the 2 telephone calls alleged in paragraphs 42 through 48, *supra*, were in violation of the TCPA, specifically 47 U.S.C. § 227(b)(1)(a) and 47 C.F.R. § 64.1200(a)(1), as Defendants initiated a telephone call using an automated telephone dialing system to Plaintiff's cellular telephone number without the prior express written consent of the Plaintiff.

51.  The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT II
## VIOLATION OF THE TCPA - DO NOT CALL

52.  Plaintiff incorporates the allegations of paragraphs 1 through 51, *supra.*

53.  Each of the 2 telephone calls alleged in paragraphs 42 through 48, *supra*, were in violation of the TCPA, specifically 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), as Defendants initiated a telephone call to a telephone number registered on the national do-not-call registry.

54.  The aforesaid violations of the TCPA were wilful and/or knowing.

### PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter a judgment for Plaintiff and against Defendants, and each of them jointly and severally, as follows:

A.    Damages:

I.  As to Count I:   Damages in the amount of $500.00 for each of the 2 calls, for damages of $1,000.00, which amount shall be trebled because the violations were willful or knowing, bringing the sum to $3,000.00;

II.  As to Count II:   Damages in the amount of $500.00 for each of the 2 calls, for

damages of $1,000.00, which amount shall be trebled because the violations were willful or knowing, bringing the sum to $3,000.00;

The total amount of damages being sought in this action being $6,000.00, which is the sum certain amount that will be sought in the event of a default judgment;

B.   An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action; and,

C.   Such other and further relief as this Court deems necessary, reasonable, prudent and proper under the circumstances.

Respectfully submitted,

Dated: November 7, 2019

Mark W. Dobronski

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 641-2300
Email: MarkDobronski@yahoo.com
Plaintiff *Pro Se*

## VERIFICATION

State of Michigan     )
                      ) *ss;*
County of Wayne       )


MARK W. DOBRONSKI, being first duly sworn, says:

1. I am the Plaintiff in the foregoing matter, of the age of majority, and I have direct and personal knowledge of the facts in dispute.

2. I have read the Complaint in the foregoing matter, and I know the contents thereof. The matters stated in the Complaint are true in substance and in fact, except as to those matters stated to be upon information and belief, and as to those matters I believe them to be true.

3. If sworn as a witness, affiant can testify competently to the facts as set forth in the Complaint.

Further, affiant sayeth naught.


_____
Mark W. Dobronski


Subscribed and sworn to before me
this __7th__ day of November, 2019.


_____

KAREN E. MERRITT
Notary Public, State of Michigan
County of Wayne
My Commission Expires Nov. 14, 2019 2/25
Acting in the County of _Wayne_


- 14 -

# EXHIBIT B

**STATE OF MICHIGAN**
**IN THE DISTRICT COURT FOR THE 18TH JUDICIAL DISTRICT**

|  |  |
|---|---|
| MARK W. DOBRONSKI, | |
|     Plaintiff, | |
| v. | **Case No. 19-81142** |
| JOHN C. HEATH, ATTORNEY AT LAW, PC d/b/a LEXINGTON LAW FIRM, *et al.*, | |
|     Defendants. | |

**NOTICE BY DEFENDANTS JOHN C. HEATH, ATTORNEY AT LAW, PLLC DBA LEXINGTON LAW FIRM AND JOHN CLIFFORD HEATH OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF <u>MICHIGAN</u>**

TO THE HONORABLE CLERK OF THE DISTRICT COURT FOR THE 18TH JUDICIAL DISTRICT, MICHIGAN:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446(d), Defendants John C. Heath, Attorney at Law, PLLC dba Lexington Law Firm and John Clifford Heath (collectively, "Defendants") serve notice of their filing of Removal of the above-captioned case from this Court to the United States District Court for the Eastern District of Michigan, Southern Division.

Defendants have filed a Notice of Removal of this action to the United States District Court for the Eastern District of Michigan, Southern Division.  A copy of the Notice of Removal is attached hereto as **Exhibit A** and is incorporated by reference as if fully set forth.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of a Notice of Removal in the United States District Court, together with the filing of a copy of the

Notice with this Court, effects the removal of the action and the Court may proceed no further unless and until this case is remanded.


Dated:  December 23, 2019

/s/ Joshua L. Zeman
Joshua L. Zeman
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075-1505
Telephone:  (248) 359-7309
Facsimile:  (313) 731-1571
E-Mail:  zemanj@pepperlaw.com

*Counsel for Defendants*

2

## **CERTIFICATE OF SERVICE**

I further certify that on the 23rd day of December, 2019, the foregoing was served by U.S.

mail and electronic mail on the following:

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone:  (734) 641-2300
Email:  MarkDobronski@yahoo.com
*Pro Se Plaintiff*

<div style="margin-left:50%">

*/s/ Joshua L. Zeman*
Joshua L. Zeman
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075-1505
Telephone:  (248) 359-7309
Facsimile:  (313) 731-1571

*Counsel for Defendants*

</div>

40741735

3